IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOHNATHAN M. COURSEY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 07-1123 |
| | ) | |
| CITY OF PEORIA, | ) | |
| POLICE DEPARTMENT, | ) | |
| BRAD SCOTT, | ) | |
| BROCK LAVIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### FACTS

Plaintiff brings Complaint pursuant to 42 U.S.C.S. §1983 against the City of Peoria, Police Department, Brad Scott, and Brock Lavin seeking to recover damages arising out of his arrests on June 4, 2006.

Plaintiff alleges that on June 4, 2006, police officers forced their way into a building by breaking the front door; pried their way into Plaintiff's door; and detained and pepper sprayed the Plaintiff without informing him of his rights or of the charges.  (Plaintiff's Complaint, Page 5).

On July 3, 2006, the Plaintiff was charged by Information filed by the Peoria County State's Attorney with two counts of criminal misdemeanor offenses stemming from the Plaintiffs arrest on June 4, 2006.  The first count charges the Plaintiff with the offense of battery that on or about the date of June 4, 2006, the Plaintiff "without legal justification knowingly made physical contact

of an insulting or provoking nature with Tommy Pryor in that he struck Tommy Pyror." The second count charges the Plaintiff with the offense of resisting a peace officer, that on or about the date of June 4, 2006, the Plaintiff "knowingly resisted the performance of Brad Scott and Brock Lavin of an authorized act within their official capacity being the detention of Jonathan Coursey knowing them to be peace officers engaged in the execution of their official duties in that he moved his body in a manner that prevented the officers from handcuffing him, in violation of 720 ILCS 5/31-1(a)" in criminal case of <u>State of Illinois v. Jonathan M. Coursey,</u> 10th Circuit Court of Illinois, Peoria County, 06-CM-1621. Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants request that this Court take judicial notice of this criminal case.

On May 21, 2007, the Plaintiff filed this instant Complaint against the Defendants alleging §1983 violations stemming from the incident on June 4, 2006.

## DISCUSSION

The Plaintiff's Complaint names the City of Peoria as a defendant without any allegation that the City of Peoria implemented unconstitutional policy, ordinance, regulation, or decision officially adopted or promulgated by final policy makers. The Plaintiff's Complaint contains only one incident in which the Plaintiff is alleging §1983 violations against the City of Peoria.

In <u>Monell v. Dept. of Soc. Services</u>, the U.S. Supreme Court set forth the rule that "a municipality cannot be liable under §1983 on a *respondent superior* theory." 436 U.S. 658, 691-695 (1978). A municipal liability under §1983 exits

only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694.  The 7th Circuit Court of Appeals in McTigue v. City of Chicago, has identified three ways in which a municipality might violate §1983: 1) through an express policy that, when enforced, causes a constitutional deprivation; 2) through a "wide-spread practice" that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; and 3) through an allegation that the unconstitutional injury was caused by a person with "final decision policymaking authority." 60 F.3d 381, 382 (7th Cir. 1995).

In this instant case, Plaintiff fails to allege that Defendant City of Peoria had an express policy, wide-spread practice or that Defendants Brad Scott and Brock Lavin had final policymaking authority when they allegedly violated the Plaintiff's constitutional rights.  The claim of municipal liability requires more evidence than a single incident. City of Oklahoma v. Tuttle, 471 U.S. 808, 822-23 (1985).  Defendant City of Peoria should be dismissed since the Plaintiff failed to allege a §1983 municipal liability against the City of Peoria for the occurrence arising on June 4, 2006.

As to Plaintiff's claim against Defendant Police Department, it is well-settled that a suit brought against a name which is not that of a natural person, a corporation, or a partnership is a mere nullity. Alton Evening Telegraph v. Paul Doak, 11 Ill. App. 3d 381 (1973).  The Police Department does not have a legal existence separate and apart from the City of Peoria. Meeks v. Springfield Police

3

Department, 990 F. Supp. 598, 601 (C.D. IL, 1998). The named Defendant Police Department is not a separate entity that can be sued and therefore should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants CITY OF PEORIA and POLICE DEPARTMENT, respectfully request that Defendants CITY OF PEORIA and POLICE DEPARTMENT be dismissed with prejudice for failure to state a claim upon which relief can be granted and pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure.

>Respectfully submitted,
>CITY OF PEORIA and POLICE
>DEPARTMENT Defendants,
>
>By s/ Sonni C. Williams
>SONNI C. WILLIAMS, #6270829
>Attorneys for Defendants
>419 Fulton Street, #207
>Peoria, IL 61602
>Ph.   (309) 494-8590
>Fax   (309) 494-8558
>E-mail: swilliams@ci.peoria.il.us

## CERTIFICATE OF SERVICE

      I hereby certify that on August 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Johnathan M. Coursey
Plaintiff
302 N.E. Greenleaf, 2F
Peoria, IL 61603

                                                s/ Sonni C. Williams
                                                SONNI C. WILLIAMS, #6270829
                                                Attorneys for Defendants
                                                419 Fulton Street, #207
                                                Peoria, IL 61602
                                                Ph.   (309) 494-8590
                                                Fax   (309) 494-8558
                                                E-mail: swilliams@ci.peoria.il.us

U:\Coursey v. Peoria et al.  07-1123\memoMOT2DISMISS.doc