E-FILED
Thursday, 06 September, 2007  03:36:33 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNATHAN M. COURSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1123 |
| | ) |
| CITY OF PEORIA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is a Motion to Dismiss Plaintiff Johnathan M. Coursey's Complaint against the City of Peoria and the Police Department. For the reasons set forth below, the Motion to Dismiss [#10] is GRANTED.

### JURISDICTION

The Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331, as the claim arises under 42 U.S.C. § 1983.

### BACKGROUND

Plaintiff Johnathan M. Coursey filed this lawsuit pro se pursuant to 42 U.S.C. § 1983 against Defendants Brad Scott, Brock Lavin, the City of Peoria, and the Police Department to recover damages incurred during his arrest on June 4, 2006.

Coursey alleges that Defendants Peoria Police Officers Brad Scott and Brock Lavin forced their way into the apartment building in which he lived and attempted "to pry there [sic] way into my door." Compl. at 5. Coursey alleges that he opened the door and stepped into the "hallway or

stairway" upon the officers' request, at which time "one office hold me to detent me, and the other spray pepper spray in both of my eyes with-out read me my right or told me the charges." *Id.* The Court infers from these allegations that Coursey asserts a claim of excessive force and possibly a claim of false arrest.

On August 2, 2007, Defendants City of Peoria and Police Department (collectively, Defendants) moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. Defendants argue that Coursey has not alleged that the City of Peoria implemented an unconstitutional policy nor that there is a custom of such conduct. Defendants also argue that the Police Department is not a proper party to the suit because it does not have a legal existence separate from the City of Peoria. The matter is now before the Court, and this Order follows.

**STANDARD OF REVIEW**

Since Coursey represents himself pro se, the Court shall construe the complaint liberally and will not hold it "to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F. 3d 319, 325 (7th Cir. 2000). "Therefore, a pro se civil rights complaint may only be dismissed if it is beyond a doubt that there is no set of facts under which the plaintiff could obtain relief." *Id.*

In resolving a motion to dismiss, this Court considers all well-pleaded facts as true and draws all inferences in favor of the plaintiff. *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, this Court considers whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the plaintiff to relief. *Chaney v. Suburban Bus. Div*., 52 F.3d

623, 627 (7th Cir. 1995); *Venture Associates. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

Although the Court will consider "whether a plaintiff could prevail under any legal theory or set of facts," it is not required to "invent legal arguments for litigants." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). In responding to a motion to dismiss, the plaintiff must state some legal basis to support the cause of action. *Stransky*, 51 F.3d at 1335.

## DISCUSSION

**I.    City of Peoria**

Defendants move to dismiss all claims against the City of Peoria for failure to allege that the City implemented an unconstitutional policy or that officers engaged in a widespread practice. In other words, Defendants argue that the complaint failed to allege anything more than respondeat superior liability.

Coursey makes no allegation in his complaint of any conduct by the City of Peoria forming the basis of a claim against it. In his response brief, Coursey states that the City of Peoria is liable because "the Police Department is the agency in which police officers work for." Mot. to Process at 2. The Court infers from this statement that Coursey bases his claim entirely on the theory of respondeat superior.

A municipal entity may not be held liable for the acts of individual members of its police force solely on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2036 (1978); *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). A plaintiff must allege that the municipality's policy is the source of the constitutional deprivation. *Sams v. City of Milwaukee*, 117 F.3d 991, 994 (7th Cir. 1997); *McTigue*, 60 F.3d at

382. The Seventh Circuit recognizes three ways in which a municipality may be held liable for violating an individual's civil rights:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law"; or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."

*McTigue*, 60 F.3d at 382 (*quoting Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994)).

In the present case, Coursey fails to allege that the City of Peoria had any express policy for, or that City of Peoria police officers engaged in a widespread practice of, wrongfully pepper-spraying individuals during arrests. Additionally, Coursey appears to base his entire claim on the theory of respondeat superior. Although he need not plead with particularity, Coursey must make some general allegation of an express policy or widespread practice to survive a motion to dismiss.

Therefore, the City of Peoria shall be dismissed from this action.

## II.     Police Department

Next, the Defendants argue that the Police Department is not a proper party to this suit because it is not a separate legal entity.

A police department is a department of the city without a separate legal existence. *Doe v. City of Chicago*, 883 F. Supp. 1126, 1133 (N.D. Ill. 1994); *Jordan v. City of Chicago, Dept. Of Police*, 505 F. Supp. 1, 3-4 (N.D. Ill. 1980); *see also Meek v. Springfield Police Dep't*, 990 F. Supp. 598, 601 (C.D. Ill. 1998).

Therefore, Defendant Police Department is not a proper party to this action because it does not have an existence separate from the City of Peoria.  Police Department shall be dismissed from this action.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [#10] is GRANTED.  The City of Peoria is dismissed because Coursey failed to allege anything other than respondeat superior liability, and the Police Department is dismissed because it does not have a legal existence separate from the City of Peoria.  Coursey is granted leave to file an amended complaint within thirty days.

The City of Peoria and the Police Department are now TERMINATED as parties to this action.  Because the Motion to Dismiss was not brought on behalf of all named Defendants, what remains of this case is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 6th day of September, 2007.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge