E-FILED
Tuesday, 25 September, 2007  03:43:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHNATHAN M. COURSEY ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 07-1123 |
| ) | |
| CITY OF PEORIA, et al. ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO APPOINT COUNSEL**

NOW COME Defendants BRAD SCOTT and BROCK LAVIN, by their attorney, Assistant Corporation Counsel SONNI C. WILLIAMS, and hereby moves this Honorable Court to enter an order DENYING Plaintiff's Motion to Appoint Counsel [#17], and in support thereof, state as follows:

1. On May 18, 2007, Plaintiff filed an action under 42 U.S.C. §1983 against the Defendants stemming from Plaintiff's arrest on June 4, 2006. Compl. at 5.

2. Plaintiff's complaint alleges that he was unlawfully arrested and excessive force was used by the Defendants during his arrest. Compl. at 5.

3. On June 1, 2007, Plaintiff filed his first Motion to Appoint Counsel [#4].

4. On June 4, 2007, U.S. District Judge Michael M. Mihm entered a text order denying Plaintiff's Motion to Appoint Counsel [#4] because the Plaintiff neither demonstrated that he made any reasonable attempt to retain private counsel nor alleged any physical or mental disability which might preclude him

from adequately investigating the facts giving rise to the case. The Court also noted that the legal issues raised by the Plaintiff are not unduly complex, and there is an abundance of accessible case law.

5. On September 17, 2007, Plaintiff filed his second Motion to Appoint Counsel [# 17] that is essentially identical to Plaintiff's first Motion to Appoint Counsel [#4].

6. There is no absolute or constitutional right for an indigent civil litigant to be represented by counsel in federal court. Johnson v. Doughty, et al., 433 F.3d 1001, 1006 (7th Cir. 2006); *See also,* Jackson v. County of McLean, et al., 953 F.2d 1070, 1071 (7th Cir. 1992).

7. Although the district court may in its discretion appoint counsel to an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under §1915(e) is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Jackson at 1073. If there has been no effort to secure counsel, the motion must ordinarily be denied outright. Jackson at 1073.

8. In this instant case, just as in his first Motion to Appoint Counsel, Plaintiff has failed to demonstrate in his second Motion to Appoint Counsel that he has made a reasonable attempt to retain private counsel.

9. In addition, just as in his first Motion to Appoint Counsel, Plaintiff failed to allege in his second Motion to Appoint Counsel, any physical or mental disability which might preclude him from adequately investigating the facts giving rise to the case.

10. Judge Mihm's findings that the legal issues raised by the Plaintiff are not unduly complex are truer now since there are only two defendants BRAD SCOTT and BROCK LAVIN remaining in the case.

11. In <u>Johnson</u>, the 7th Circuit Court of Appeals upheld the denial of an inmate's numerous motions to appoint counsel in a case alleging denial of surgical treatment as cruel and unusual punishment under the Eight Amendment. 433 F.3d 1001, 1008 (7th Cir. 2006)[ The court conceded that a counsel would have been in a better position to conduct a discovery expedition to unearth possible evidence about alleged policy against hernia operations, but it concluded that speculating about how a counsel might have done a better job prosecuting the case is neither appropriate nor necessary in considering a §1915(e)(1) motion.]

12. In this instant case, there is no allegation regarding an unlawful policy and the only remaining allegations inferred by this Court are excessive force claim and a possible claim of unlawful arrest [#16 at 2]; and therefore, the issues presented are not unduly complex.

WHEREFORE, for the above-stated reasons, Defendants BRAD SCOTT and BROCK LAVIN, pray that this Court enter an order denying Plaintiff's second Motion to Appoint Counsel [#17].

    Respectfully submitted,

    BRAD SCOTT and BROCK LAVIN,
    Defendants,

    By s/ <u>Sonni C. Williams</u>
    SONNI C. WILLIAMS, #6270829
    Attorneys for Defendants

419 Fulton Street, #207
Peoria, IL 61602
Ph.    (309) 494-8590
Fax    (309) 494-8558
E-mail: swilliams@ci.peoria.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Johnathan M. Coursey
Plaintiff
302 N.E. Greenleaf, 2F
Peoria, IL 61603

s/ Sonni C. Williams
SONNI C. WILLIAMS, #6270829
Attorneys for Defendants
419 Fulton Street, #207
Peoria, IL 61602
Ph.    (309) 494-8590
Fax    (309) 494-8558
E-mail: swilliams@ci.peoria.il.us

4